IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KIMBERLY RUSSELL                                                               PLAINTIFF

v.                              Civil No. 13-5248

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                 DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Courtney Howell, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.   Procedural Background:**

Plaintiff filed her application for SSI on May 13, 2010, alleging an onset date February 1, 2009, due to fibromyalgia, migraines, lower back pain, asthma, and endometriosis. Tr. 17, 131-38, 161, 168-169, 188, 194-195. Plaintiff's application was denied initially and on reconsideration. Tr. 74-80, 87-91. An administrative hearing was held on May 4, 2011. Tr. 24-63. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 39 years old, possessed a high school education and an Associate's Degree in Accounting with past relevant work ("PRW") as a receptionist,

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

AO72A
(Rev. 8/82)

jailer, data entry clerk, liquor store clerk, fast food worker, and accounting clerk. Tr. 43, 53-58, 64, 123, 15, 156, 162, 178-185.

On July 28, 2011, the ALJ found Plaintiff's degenerative disk disease ("DDD") of the lumbar spine, obesity, major depressive disorder, and generalized anxiety disorder to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 19-22. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work "requiring no more than occasional interaction with co-workers, involving simple, routine, and repetitive tasks, and only occasional judgment required." Tr. 22. With the assistance of a vocational expert, the ALJ found Plaintiff could perform work as a housekeeper, hand packager, and meat processor. Tr. 30.

On August 28, 2013, the Appeals Council declined to review the ALJ's decision. Tr. 1-6. Subsequently, Plaintiff filed this cause of action. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 12, 13.

## II. Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

2

Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003).

Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

### III. Discussion:

Of particular concern to the undersigned is the ALJ's determination that Plaintiff's fibromyalgia did not constitute a severe impairment. A "severe impairment is defined as one which 'significantly limits [the claimant's] physical or mental ability to do basic work activities.'" *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006) (quoting 20 C.F.R. § 404.1520(c)).

"Fibromyalgia is a common nonarticular disorder of unknown cause characterized by generalized aching (sometimes severe); widespread tenderness of muscles, areas around tendon insertions, and adjacent soft tissues; muscle stiffness; fatigue; and poor sleep." THE MERCK MANUAL, *Fibromyalgia*, http://www.merckmanuals.com/professional/musculoskeletal_and_co nnective_tissue_disorders/bursa_muscle_and_tendon_disorders/fibromyalgia.html?qt=fibrom yalgia&alt=sh (last accessed November 25, 2014). Any fibromuscular tissues may be involved, but fibromyalgia is especially prevalent in the occiput, neck, shoulders, thorax, low back, and thighs. *Id*. The symptoms of fibromyalgia are typically generalized, in contrast to localized soft-tissue pain and tenderness, and can be exacerbated by environmental or emotional stress, poor sleep, trauma, or exposure to dampness or cold or by a physician who implies that the disorder is "all in the head." *Id*. There are, however, no laboratory tests for the presence or severity of fibromyalgia, and treatment includes exercise, local heat, stress management, drugs

4

to improve sleep, and analgesics. *Id*. And, while the diagnosis is based on clinical criteria which includes tenderness at 18 specified tender points, most experts no longer require a specific number of tender points to make the diagnosis. *Id*.

Plaintiff's diagnosis of fibromyalgia is supported by negative tests for other underlying conditions, widespread persistent pain, sleep disturbance, mood disorders, morning stiffness, chronic fatigue, severe headaches, numbness and tingling, and the presence of trigger points. The number of trigger points present ranges from seven to twelve. Tr. 233-247, 386, 459-460, 465-466, 477. Plaintiff's treating rheumatologist[2], Dr. Thomas Dykman completed an RFC assessment in August 2011. Tr. 405-409. Dr. Dykman noted that during a typical workday, Plaintiff's experience of pain and other symptoms would frequently interfere with the attention and concentration needed to perform even simple work tasks. He also opined that the Plaintiff could lift less than 10 pounds occasionally; never lift more than 10 pounds, twist, stoop, crouch/squat, climb ladders, climb stairs, or hold her neck in static position; rarely lift 10 pounds, look down, turn head right or left, or look up; stand/walk for less than two hours in an 8-hour working day; and, sit for about four hours in an 8-hour working day. Additionally, Dr. Dykman found that Plaintiff would need a job that permits shifting positions at will from sitting, standing or walking, would require unscheduled breaks three to four times a day for ten minutes in length in an 8-hour working day, and would have significant limitations in reaching and handling or

---

[2]The Commissioner is encouraged to give more weight to the opinion of a specialist about medical issues related to his or her area of speciality than to the opinion of a source who is not a specialist. *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000).

5

fingering. Lastly, Dr. Dykman concluded that the Plaintiff will likely miss more than four days of work per month due to her impairments.

Despite this evidence, however, the ALJ concluded that Plaintiff's fibromyalgia was not severe and dismissed Dr. Dykman's assessment. We disagree, as we do not find substantial evidence to support a finding that Plaintiff's fibromyalgia was not severe. Remand is necessary to allow the ALJ to reconsider Plaintiff's severe impairments and RFC. On remand, the ALJ is directed to recontact Dr. Dykman regarding any and all questions he might have concerning Dr. Dykman's RFC and the supporting evidence.

## V.   **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 25th day of November 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)